UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THATCHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01198-LJO-JLT<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS<br><br>ORDER DIRECTING UNITED STATES MARSHAL FOR SERVICE OF COMPLAINT |

Billy R. Thompson ("Plaintiff") initiated this action by filing his complaint for a violation of civil rights pursuant to 42 U.S.C. § 1983 by filing his complaint on July 20, 2011. (Doc. 1). On November 6, 2012, the Court reviewed Plaintiff's complaint and noted he failed to state a claim for conditions of confinement. Accordingly, the Court ordered the administrative designation of the case to reflect that of a regular civil rights action, but declined to screen the complaint for cognizable claims. (Doc. 12).

For the following reasons, the Court finds Plaintiff states a cognizable claim for excessive use of force. Accordingly, the Court finds service of Plaintiff's complaint is appropriate, and authorizes service by the United States Marshal.

I.　**Screening Requirement**

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty

1

is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. *Id.*

### III. Section 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege that he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Conclusory allegations unsupported by facts are insufficient to state a civil rights claim under Section 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

### IV. Relevant Factual Allegations

According to Plaintiff, he was arrested on August 8, 2009. Plaintiff reports that he was talking to friends and listening to music around 7:30 p.m. when he heard a loud bang at the front door that he believed was caused by rival gang members. (Doc. 1 at 3-4). Plaintiff asserts he ran to the back room and jumped out of an open window. *Id.* at 4. He alleges he heard someone yell "Your muthafuckin ass is going to pay for running," at which time he realized police officers were chasing him. *Id.*

Plaintiff asserts he was yanked by the front collar of his shirt by Officer Lewis, and "was slammed, face first, to the ground," which pinned his left arm under his body and knocked the wind

out of his lungs. (Doc. 1 at 4). He alleges Officer Lewis punched him, and struck him "over 13 times with a closed fist, on the left side of [his] face," while yelling "Gang task force. You stupid nigger. Don't [sic] fucking run from us punk." *Id.* According to Plaintiff, he moved his left arm to shield his head and face, but Officer Paiz grabbed his arm "to allow J. Lewis to land blow after blow." *Id.* Further, Plaintiff reports Officer Paiz bent his arm behind his back and "forcefully thrust his knee into [his] ribs, all the while as he yell[ed] out, "Gang task force, stop fucking resisting Thompson." *Id.* Plaintiff asserts he screamed, "Man I ain't resisting. I'm down! I'm down!" *Id.* at 4-5.

He alleges that after he asserted he was not resisting, Officer Paiz began to punch him, striking him "in the temple, forehead and face as he screamed 'Motherfucker, don't run from us.'" (Doc. 1 at 5). Plaintiff asserts Officer Finney told the Officer Lewis and Officer Paiz, "Hold on so I can cuff this asshole." *Id.* According to Plaintiff,

> Officer Finney punched me in the neck, and grabbed my left arm which I willingly placed behind my back. Finney then handcuffed both wrists extra tight behind my back, and he rolled me on the left side of my body exposing the right side of my body.
>
> I then saw Officer Finney raise his flashlight, or a metal type object above his head, and begin to repeattedly [sic] beat me, striking me in the legs, torso, and arm. Both Officers J. Lewis & A. Paiz joined in on assaulting me, striking me with there [sic] flashlights, or a metal type object.

(Doc. 1 at 5). Plaintiff alleges pain caused him to lose consciousness, but upon awakening Officer Finney told him, "That should teach you not to run from us." *Id.* Plaintiff reports he "was literally dragged by two officers to the car" because he "could barely walk." *Id.* at 6).

V. **Discussion and Analysis**

Plaintiff asserts the defendants are liable for "the excessive use of force, causing serious bodily injury." (Doc. 1 at 9). The Supreme Court has determined that claims for excessive force are addressed under the Fourth Amendment, which requires officers to use "reasonable" force. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Supreme Court explained,

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively

unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case."  *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

Here, Plaintiff alleges defendants used excessive force during the course of an arrest. Specifically, according to Plaintiff, Officer Lewis hit him thirteen times in the face; Officer Paiz put his knee in Plaintiff's ribs and hit his temple, forehead and face; and Officer Finney hit Plaintiff in the neck prior to placing handcuffs on him. (Doc. 1 at 4-5).  Then, together, the officers beat Plaintiff with flashlights or other metal objects, striking him "in the legs, torso, and arm." *Id.* at 5.  These actions do not appear reasonable under the circumstances alleged, and Plaintiff states a cognizable claim for the use of excessive force by defendants Lewis, Paiz, and Finney.

## VI. Conclusion and Order

Based upon the foregoing, Plaintiff states a cognizable claim for excessive force in his complaint.  Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's Complaint (Doc. 1) is appropriate for, and shall be initiated upon the following defendants:
    a. J. Lewis
    b. A. Paiz
    c. Finney
2. The Clerk of Court is DIRECTED to send Plaintiff three (3) USM-285 forms, three (3) Summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Complaint filed July 20, 2011;
3. Within twenty-one (21) days from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
    a. One completed summons for each defendant identified above;
    b. One completed USM-285 form for each defendant; and
    c. Three (3) copies of the Complaint filed July 20, 2011;

4. The U.S. Marshal is DIRECTED to serve a copy of the Complaint, summons, and this order upon the defendants as directed by Plaintiff in the USM forms.

5. <u>Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.</u>

IT IS SO ORDERED.

Dated:   **December 5, 2012**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE