**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BILLY R. THOMPSON, JR.,

Plaintiff,

v.

SGT. THATHER, et al.,

Defendant.

Case No.: 1:11-cv-01198 - LJO - JLT

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

(Doc. 26)

Justin Lewis, Alexander Paiz and Joshua Finney (collectively, "Defendants") seek to compel Plaintiff Billy Thompson, Jr., to serve his initial disclosures and to respond to the discovery requested by Defendants. (Doc. 26.) Plaintiff did not oppose the motion. For the reasons set forth below, Defendants' motion to compel discovery is **GRANTED**.

## I. Relevant Factual and Procedural History

The Court held a scheduling conference on November 19, 2013, at which deadlines related to discovery were set for the parties. (Doc. 22.) The parties were instructed to make initial disclosures no later than December 9, 2013, and to complete non-expert discovery no later than December 29, 2014. (*Id.* at 1.) The parties were informed that "[f]ailure to comply with this order may result in the imposition of sanctions." (*Id.* at 6.)

On February 24, 2014, Defendants filed the motion now pending before the Court, asserting Plaintiff had failed to comply with the Court's order to make his initial disclosures pursuant to Rule 26

of the Federal Rules of Civil Procedure, and that Plaintiff failed to respond to Defendants' discovery requests, including interrogatories and requests for production of documents. (Doc. 26.)

**II. Scope of Discovery and Requests**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A. Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the basis for objection); *Mitchell v. AMTRAK*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome).

B. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a

production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

## III. Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Here, Defendants assert Plaintiff has failed to respond to the Special Interrogatories and Requests for Production of Documents propounded by Defendants on December 12, 2013. (Doc. 26-1 at 4.) According to Defendants, after Plaintiff failed to respond to the discovery requests, Heather Cohen, Defendants' counsel, sent two letters to Plaintiff requesting his responses on January 27, 2014 and February 21, 2014. (Doc. 26-2 at 2, Cohen Decl. ¶¶4- 5.) Further, Ms. Cohen informed Plaintiff that if he failed to respond, Defendants would seek to compel his responses to the Special Interrogatories and Requests for Production of Documents. (*Id.*) Despite this information, Plaintiff failed to respond to the requests or letters mailed by Ms. Coen. (*Id.*, ¶ 6.)

Given Plaintiff's complete failure to respond to the discovery requests, Defendants' motion to compel production of documents and answers to interrogatories is **GRANTED**.

## IV. Conclusion and Order

Plaintiff is reminded that failure to comply with a Court order—including the Court's Scheduling Order directing the parties to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure—may result in the imposition of sanctions, including dismissal of an the action. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same);

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel discovery is **GRANTED**;
2. Plaintiff **SHALL** serve his initial disclosures no later than **April 25, 2014**;
3. Plaintiff **SHALL** respond to Defendants' Special Interrogatories- Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One

no later than **May 9, 2014**.

**Failure to comply with this order may result a recommendation of dismissal or imposition of other sanctions pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **April 3, 2014**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE