# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY R. THOMPSON, JR., | ) Case No.: 1:11-cv-01198 - LJO - JLT |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) GRANTING DEFENDANT'S MOTION TO |
| | ) DISMISS AND DISMISING THE ACTION WITH |
| SGT. THATHER, et al., | ) PREJUDICE |
| | ) |
| Defendant. | ) (Doc. 31) |
| | ) |
| | ) |

Justin Lewis, Alexander Paiz and Joshua Finney (collectively, "Defendants") seek dismissal of the action with prejudice for Plaintiff Billy Thompson's failure to prosecute the action and failure to comply with the Court's order. (Doc. 31.) Plaintiff did not oppose the motion. For the reasons set forth below, the Court recommends Defendant's motion to dismiss be **GRANTED** and the action be **DISMISSED WITH PREJUDICE**.

## I.    Relevant Factual and Procedural History

The Court held a scheduling conference on November 19, 2013, at which deadlines related to discovery were set for the parties. (Doc. 22.) The parties were instructed to make initial disclosures no later than December 9, 2013, and to complete non-expert discovery no later than December 29, 2014. (*Id.* at 1.) The parties were informed that "[f]ailure to comply with this order may result in the imposition of sanctions." (*Id.* at 6.)

On February 24, 2014, Defendants filed a motion to compel discovery, asserting Plaintiff had

failed to comply with the Court's Scheduling Order and failed to respond to Defendants' discovery requests, including interrogatories and requests for production of documents.  (Doc. 26.)  On April 3, 2014, the Court granted Defendants' motion to compel, and ordered Plaintiff to "serve his initial disclosures no later than **April 25, 2014**," and "produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **May 9, 2014**."  (Doc. 30 at 4-5, emphasis in original.)  Further, the Court informed Plaintiff that failure to comply with the order may result in a recommendation of dismissal of the action.  (*Id.* at 5.)

Defendants filed the motion to dismiss now pending before the Court on April 29, 2014, asserting Defendant failed to comply with the Court's order to provide discovery.  (Doc. 31.)  The Court ordered Plaintiff to file any opposition to the motion no later than May 23, 2014.  (Doc. 32.)  To date, Plaintiff has not opposed the request for dismissal.

## II.       Failure to Prosecute and Obey the Court's Order

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . .  a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b).  In addition, the Local Rules, corresponding with the Federal Rules of Civil Procedure, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Thus, a court may dismiss an action based upon a party's failure to prosecute an action or failure to obey a court order.  *See e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.      Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff failed to make his initial disclosures, did not respond to the defendants' discovery requests even when ordered to do so by the Court, and has failed to take any action in the matter since December 2013, when he filed a change of address.

In the Court's Scheduling Order, the parties were cautioned that "[f]ailure to comply … may result in the imposition of sanctions." (Doc. 22 at 6.) Further, in the order directing Plaintiff to serve his initial disclosures and respond to the defendants' discovery request, the Court cautioned Plaintiff that "**a recommendation of dismissal or imposition of other sanctions**" may result from failure to comply with the Court's order. (Doc. 30 at 5, emphasis in original.) This warning to Plaintiff that his failure to comply with the Order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Thus, Plaintiff had adequate warning that dismissal would result from his failure to prosecute the action. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.    Conclusion and Order

Plaintiffs has failed to prosecute this action, has failed to comply with the Court's Orders dated November 19, 2013 and April 29, 2014. (Docs. 22, 31.) Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.      Defendants' motion to dismiss be **GRANTED**; and

2.      Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **May 28, 2014**                          **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

4